■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO JORDAN, Appellant.—Judgment, Supreme Court, Bronx County (Joan Sudolnik, J.), rendered November 25, 1986, convicting defendant, upon a plea of guilty, of manslaughter in the first degree, and sentencing him to an indeterminate prison term of 7 to 21 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of 5 to 15 years, and otherwise affirmed.

The record before this court discloses the following facts underlying defendant's plea. On October 5, 1985, at approximately 2:30 A.M., the deceased, Mario Feliciano, went to defendant's apartment. Feliciano tried to force his way into the apartment, where defendant resided with his 10-year-old son and a tenant, codefendant Victor Carabello. When defendant refused to allow him entry, Feliciano grabbed the police lock from the door and struck defendant in the face. An

altercation then ensued, during which defendant and Carabello repeatedly stabbed Feliciano, causing his death.

At the plea proceeding, the prosecutor acknowledged that defendant was provoked into an uncontrollable rage by Feliciano's initial aggression. Nonetheless, the prosecutor recommended a sentence of 7 to 21 years for defendant Jordan, close to the statutory maximum of 8⅓ to 25 years for first degree manslaughter. On the other hand, the prosecutor recommended a sentence of 3⅓ to 10 years' imprisonment for codefendant Carabello, based largely on his conclusion that Carabello had the lesser role in the stabbing. Carabello also pleaded guilty to first degree manslaughter, and ultimately was sentenced to an indeterminate prison term of 3 to 9 years, a sentence much closer to the statutory minimum of 2 to 6 years.

While defendant's act was not legally justified, it is clear that he was provoked by Feliciano who was the initial aggressor in this unfortunate incident. Moreover, the attack occurred in defendant's home while defendant's 10-year-old son was present in the apartment. It is also noteworthy that the defendant is now 46 years old, is the sole custodial parent of his son, and has only two prior misdemeanor convictions for possession of hypodermic instruments and for petit larceny. Even acknowledging the serious nature of the crime committed, defendant's record does not suggest that he is a violent hardened criminal deserving of a prison term close to the statutory maximum.

Under all the circumstances, and in view of the fact that codefendant Carabello received a sentence of 3 to 9 years' imprisonment, we conclude that defendant's sentence of 7 to 21 years is unduly harsh. Accordingly, pursuant to this court's authority under CPL 470.15 (2) (c); (6) (b), the judgment is modified to reduce the sentence to 5 to 15 years and is otherwise affirmed. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Wallach, JJ.